# NO. 25-231

In The

# United States Court Of Appeals For The Ninth Circuit

**UBER TECHNOLOGIES, INC., PORTIER, LLC,**
*Plaintiffs,*

and

**MAPLEBEAR INC., doing business as Instacart,**
*Intervenor-Plaintiff – Appellant,*

v.

**CITY OF SEATTLE,**
*Defendant – Appellee.*

ON APPEAL FROM THE U.S. DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON, SEATTLE
NO. 2:24-CV-02103-MJP
(HONORABLE MARSHA J. PECHMAN, SENIOR DISTRICT JUDGE)

———————

**APPELLANT'S REPLY TO APPELLEE'S RESPONSE TO MOTION FOR JUDICIAL NOTICE**

———————

| | |
|---|---|
| **Douglas E. Smith** | **Alexander T. MacDonald** |
| LITTLER MENDELSON, P.C. | LITTLER MENDELSON, P.C. |
| One Union Square | Workplace Policy Institute |
| 600 University Street | 815 Connecticut Avenue, NW |
| Suite 3200 | Suite 400 |
| Seattle, WA 98101-3122 | Washington, DC 20006-4046 |
| 206.381.4906 | 202.772.2505 |
| | |
| *Counsel for Appellant* | *Counsel for Appellant* |

This Court should take judicial notice of Instacart's Seattle Shopper Deactivation Policy (the "Policy"). The Policy's authenticity can be readily determined from public sources whose accuracy cannot be reasonably questioned. What's more, by taking notice of the Policy, the Court will ensure that this case is decided on an accurate understanding of the facts. The City opposes notice, but it offers no persuasive reason for its opposition. Indeed, the City prompted Instacart's motion for judicial notice: notice is necessary only because the City made factual misstatements in its answering brief. The Court should grant Instacart's motion.

## ARGUMENT

**1.     This Court can take judicial notice of the Policy.**

Under Federal Rule of Evidence 201(b)(2), a court may take judicial notice of any document whose authenticity "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts have routinely used that authority to take notice of documents published on the internet. *See, e.g., Yoon v. Meta Platforms Inc.*, No. 24-cv-02612-NC, 2024 WL 5264041, *3 (N.D. Cal. 2024) (taking notice of social-media platform's policies on the internet); *Letizia v.*

1

*Facebook Inc.*, 267 F. Supp. 3d 1235, 1241 (N.D. Cal. 2017) (same). *See also Jeandron v. Bd. of Regents of Univ. Sys. of Md.*, 510 F. App'x 223, 227 (4th Cir. 2013) (noting that it "is not uncommon for courts to take judicial notice of factual information found on the worldwide web" (quoting *O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1225 (10th Cir. 2007)). A court can take such notice at any time, including on appeal. Fed. R. Evid. 201(d). *See also* Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) (taking notice of publications on appeal); *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 259 n.9 (9th Cir. 2013) (same); *Hupp v. San Diego Cnty.*, No. 3:12-CV-00492-GPC, 2014 WL 347472, at *5 (S.D. Cal. Jan. 30, 2014) (granting motion for judicial notice filed alongside reply brief).

Here, the Court can and should take notice of the Policy. As Instacart explained in its Motion for Judicial Notice, the Policy is available to all shoppers at the Instacart Shopper Help Center. (Mot. for Judicial Notice 2 ¶ 6, DktEntry 36.1 [hereinafter "Instacart Mot."].) The Policy is an Instacart document published by Instacart on an Instacart website. (*See id.* Ex. A (Decl. of Anne Elise Dimas.) Its authenticity cannot reasonably be disputed. *See, e.g., Yoon*, 2024 WL 5264041, *3

2

(reaching same conclusion for policies published on the internet by social-media service); *Letizia*, 267 F. Supp. 3d at 1241–42 (same). And indeed, the City never does dispute that the Policy is genuine. (*See generally* Seattle Response to Mot. for Judicial Notice, DktEnry 40.1 [hereinafter "City Response"].)

Instead, the City argues that the Policy is not really "public." The City acknowledges that courts often treat documents on the internet as public and subject to judicial notice. (*See* City Response 8 (citing *Leitzia* and *Yoon*).) But the City implies that the Policy is different because it is available only to members of the public who have signed up for a shopper account. (*Id.* at 7–8.)

No such distinction is recognized by courts. To the contrary, courts often take notice of documents available only to people who have signed up for an account with a particular internet service provider. For example, courts often take notice of content on social-media platforms, even though that content is generally available only to users of those platforms. *See, e.g., In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 831 (N.D. Cal. 2019) (taking judicial notice of Facebook post), *aff'd in part, rev'd in part on other grounds,* 87 F.4th 934 (9th Cir. 2023). Indeed,

3

courts have even taken notice of the process for creating a user account. *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 834 (S.D.N.Y. 2012) (taking notice of and describing the process for signing up for a Facebook account—a process that includes a "security check" to verify that the user is a real person). The need for an account does not make an internet document any less public. *See, e.g.*, *Tompkins v. 23andMe, Inc.*, No. 5:13-CV-05682-LHK, 2014 WL 2903752, at *1 (N.D. Cal. June 25, 2014) (taking notice of terms of service presented to public users who signed up for accounts), *aff'd,* 840 F.3d 1016 (9th Cir. 2016); *Harbers v. Eddie Bauer, LLC*, No. C19-1012JLR, 2019 WL 6130822, at *6 (W.D. Wash. Nov. 19, 2019) (same). *See also Gerber v. Twitter, Inc.*, No. 4:23-CV-00186-KAW, 2024 WL 1354449, at *4 (N.D. Cal. Mar. 29, 2024) (taking judicial notice of numerous Twitter policies and related articles). The City's distinction is baseless.

    The City fares no better by claiming that "there is no way for the City—or this Court—to corroborate Instacart's claim" that the Policy is accessible through the Shopper Help Center.  (City Response 7.)  If the City genuinely doubted the accuracy of Instacart's sworn declaration, it could create a Shopper account itself, or just ask any Instacart Shopper.

4

In any event, the City should not be heard to dispute the accuracy of Instacart's sworn declaration explaining how its Shopper Help Center works: The City has itself relied on a third-party internet archive (Wayback Machine) to authenticate purported historical versions of Instacart's policies, without offering any evidence supporting how that archive operates or why the Court should treat it as reliable. (*See* City Answering Br. 13 n.3 (making assertions based on outputs of Wayback Machine, without any request for judicial notice)).

The City also argues that the Court cannot take notice of the Policy because the policy's contents are subject to different interpretations. (City Response 6.) That is incorrect and beside the point. Instacart has not asked the Court to take notice of the Policy for the truth of any of the Policy's terms. Nor has it asked the Court to take notice of any particular interpretation. Instead, Instacart has asked the Court to take notice only that the Policy exists. (*See* Instacart Mot. 1, 4.) The Court can take notice of the Policy's existence without adopting any specific interpretation of the Policy's contents. *See, e.g.*, *Tompkins*, 2014 WL 2903752, at \*1 (taking notice of policies for their existence, not for facts stated in policies); *Letizia*, 267 F. Supp. 3d at 1241–42 (same). *See also Children's Health*

5

*Def. v. Meta Platforms, Inc.*, 112 F.4th 742, 756–57 (9th Cir. 2024) ("To be sure, it would be proper to take judicial notice of the fact that the documents exist."). The City's argument is off base.

2. **Judicial notice will help the Court decide the case with a correct understanding of the facts.**

Finally, the City urges the Court not to take notice of the Policy because Instacart did not attach the Policy to its opening brief. (City Response 4–5.) The City claims that by submitting the Policy alongside its reply brief, Instacart is "sandbag[ging]" the City. (*Id.* at 4.)

That is also incorrect. Instacart is asking the Court to take notice of the Policy simply to correct a factual mistake in the City's answering brief, pertaining to a new irreparable-harm argument that the City raised for the first time on this appeal.

Again, in its opening brief, Instacart explained that it had been forced to change its policies because of the App-Based Workers' Deactivation Rights Ordinance, which took effect on January 1, 2025. (Instacart Opening Br. 54, DktEntry 8 [hereinafter "Instacart Br."].) For that point, Instacart cited testimony in the record stating that Instacart would have to change its policies when the Ordinance went into effect. (*Id.* (citing 1-ER-l06).) The new Policy was not itself in the record at that

6

time because the district court ruled on Instacart's request for a preliminary injunction before the Ordinance took effect. (*See* Instacart Mot. 2 ¶ 7.) And the district court, for its part, based its finding of no irreparable harm entirely on its analysis of the merits of Plaintiffs' claims. (*See* 1-ER-23).

In its answering brief, the City could have tried to justify the decision below based on the facts as they existed at the time that order was entered. Or, it could have accepted Instacart's unrebutted declaration indicating that Instacart would change its policies if the Ordinance were allowed to go into effect. Instead, the City chose a different course: it raised a new argument that Instacart could not demonstrate irreparable harm because "Instacart has ***not*** held its tongue, and the Ordinance has ***not*** chilled Instacart's exercise of its claimed First Amendment right to keep its policy in place." (Seattle Answering Br. 68, DktEntry 12.) And as a factual predicate for that new argument, the City asserted that Instacart had not changed its deactivation policy. (*See id.* (Instacart's "website today confirms that it has not done so"; *see also id.* at 13 ("Instacart appealed but made ***no*** changes to its deactivation policy.").

7

Those are incorrect statements of fact. Instacart therefore moved for judicial notice to correct the City's mistake. (*See* Instacart Mot. 2 ¶¶ 4–5.)

It is unclear why the City opposes that correction. All parties will benefit from a decision based on a correct understanding of the facts. And no one disputes that the Policy is, in fact, the policy Instacart was required to publish on January 1. Refusing to acknowledge the Policy now would serve no legitimate purpose. The Court should therefore take notice of the Policy and decide this case on the merits.

| | |
|---|---|
| April 18, 2025 | Respectfully submitted, |

*s/ Alexander T. MacDonald*
Alexander T. MacDonald
LITTLER MENDELSON, P.C.
Workplace Policy Institute
815 Connecticut Avenue, NW
Suite 400
Washington, DC 20006-4046
202.772.2505
amacdonald@littler.com

Douglas E. Smith
LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, WA 98101-3122
206.381.4906
desmith@littler.com

*Counsel for Appellant*

8

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Circuit Rule 32-1(a) because this brief contains 1,574 words, excluding the parts of the brief exempted by Fed. R. App. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook font.

April 18, 2025 Respectfully submitted,

*s/ Alexander T. MacDonald*
Alexander T. MacDonald
LITTLER MENDELSON, P.C.
Workplace Policy Institute
815 Connecticut Avenue, NW
Suite 400
Washington, DC  20006-4046
202.772.2505
amacdonald@littler.com

Douglas E. Smith
LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, WA 98101-3122
206.381.4906
desmith@littler.com

*Counsel for Appellant*

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2025, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

April 18, 2025　　　　　　　　Respectfully submitted,

*s/ Alexander T. MacDonald*
Alexander T. MacDonald
LITTLER MENDELSON, P.C.
Workplace Policy Institute
815 Connecticut Avenue, NW
Suite 400
Washington, DC 20006-4046
202.772.2505
amacdonald@littler.com

Douglas E. Smith
LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, WA 98101-3122
206.381.4906
desmith@littler.com

*Counsel for Appellant*

10